No. 6834.

## LOUIS MANNING v. QUAKER REALTY CO.

### Syllabus.

It does not necessarily follow that because one subsequently becomes the owner of the property, he thereby forfits the right to recover the value of improvements placed thereon by him while it was owned by another.

Appeal from the Civil District Court, Parish of Orleans, No. 110,690, Division "E"; Honorable George H. Théard, Judge. Affirmed.

E. Pomes & John Watt, for plaintiff and appellee.

W. W. Wall, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

In a previous suit between the same parties it was agreed in open Court, as appears by the note of evidence therein on file, that should judgment be rendered in favor of the Quaker Realty Company, the latter would pay for whatever improvements had been placed upon the property in dispute by Manning, who was then in possession thereof. The Quaker· Realty Company had judgment in said suit and Manning, in accordance with the stipulation aforesaid, now sues for the value of the improvements, consisting of filling, curbing and fencing placed upon the property by him.

Subsequent to the judgment in the former suit, the Quaker Realty Company sold the property to one Ebert and the latter in turn sold it to plaintiff. And defendant urges that the effect of these transactions is to extinguish plaintiff's right to recover for the improvements. There is, however, nothing in the record to indicate in the least that the price or any other element in the sale to Ebert or by

Ebert to plaintiff embraced or was in any manner predicated upon the extinguishment of plaintiff's right to recover from defendant the value of these improvements; and certainly there is no presumption that such was the case. The mere fact itself that plaintiff subsequently became the owner in no way effects his right to recover for improvements put by him upon the property while it was owned by another—and this is particularly true where, over and above the legal obligation, a conventional agreement to reimburse him exists.

The nature, extent and value of the improvements placed upon the property are established clearly and with certainty by plaintiff's witnesses. They are corroborated by at least one of the defendant's witnesses, while the testimony of the others is not at all convincing. We consider that the amount allowed does justice between the parties. The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, January 9, 1917.

Rehearing refused February 5, 1917.

Writ denied March 13, 1917.